TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Chief
ALISON C. FINNEGAN, Senior Trial Attorney
JACOB JOSE, Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH FOREST ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants. | Case No. 2:24-cv-2347-DC-CSK <br><br> JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER |

The undersigned counsel for the parties have conferred and hereby submit the following Joint Status Report, and request that the Court enter the proposed schedule for resolution of this case.

**1.    Brief Summary of the Claims and Legal Theories:**

Klamath Forest Alliance, Conservation Congress, Environmental Protection Information Center, and Mount Shasta Bioregional Ecology Center ("Plaintiffs") challenge under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, *et seq.*, and Administrative Procedure Act

("APA"), 5 U.S.C. §§ 706(1), *et seq.*, Defendant U.S. Fish and Wildlife Service's ("Service") Biological Opinion for the South Fork Sacramento Public Safety and Forest Recreation Project ("SFS Project"), and Defendant U.S. Forest Service's ("Forest Service") reliance thereon. *See* Complaint ¶¶ 1–2, ECF No. 1. Plaintiffs allege that Defendants violated their procedural and substantive duties under Section 7 of the ESA, namely, to "insure" that the Project is "not likely to jeopardize the continued existence" of the Northern spotted owl. 16 U.S.C. § 1536(a)(2). *Id.* ¶ 3. Plaintiffs bring two claims for relief, one against each Defendant: (1) that the Service's Biological Opinion and "no jeopardy" conclusion are arbitrary, capricious, and not in accordance with the ESA, *id.* ¶¶ 190–202; and (2) that the Forest Service's reliance on an unlawful Biological Opinion violates the ESA. *Id.* ¶¶ 203–08.

Defendants deny any violation of law and aver that Plaintiffs' allegations that Defendants have not complied with their obligations under ESA Section 7 have no merit, nor have they violated any provision of the APA. Defendants reserve all defenses to these claims.

**2.     Status of Service**

All parties have been served and counsel have entered their appearances.

**3.     Possible Joinder of Additional Parties**

Plaintiffs do not anticipate adding any additional parties.

**4.     Contemplated Amendments**

Plaintiffs do not anticipate any amendments.

**5.     Jurisdiction and Venue**

Plaintiffs allege this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1531 (federal question); 5 U.S.C. §§ 706 *et seq.*, (Administrative Procedure Act); 16 U.S.C. § 1540(g) (Endangered Species Act); and 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act). Complaint ¶ 17. Plaintiffs further allege that (1) venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the district serves "the county in which the action arises;" (2) that a civil action arises in the county in which "a substantial part of the events or omissions which give rise to the claim occurred," 28 U.S.C. § 1391(e)(1); and that (3) the SFS Project area, the Shasta-Trinity Forest Supervisor's office, and the Service's Yreka field office are located in

Siskiyou County, which is served by the Eastern District of California. Complaint ¶ 18. Plaintiffs further allege that, pursuant to L.R. 120(d), assignment of this matter to the Sacramento Division is proper because Siskiyou County is served by the Sacramento Division. Complaint ¶ 19. Plaintiffs aver that Defendants have waived any defenses to subject matter jurisdiction and venue by failing to file a motion asserting these defenses prior to filing their Answer. FED. R. CIV. P. 12(b).

Defendants deny all jurisdictional and venue allegations, except that they admit that the Shasta-Trinity Forest Supervisor's office, and the Service's Yreka field office are located in Siskiyou County, which is served by the Eastern District of California. Answer ¶ 18, ECF No. 18.

**6.   Anticipated Discovery**

The parties agree that cases seeking judicial review of agency decisions pursuant to the APA are typically resolved following the filing of an administrative record and through summary judgment motions and briefing.

Plaintiffs' position is that judicial review of any APA claims is to be based on the administrative record supporting the decision at issue, and does not ordinarily allow for discovery and resolution of disputed facts. Plaintiffs' further position is that claims arising under the ESA are claims that are not limited to evidence contained in any administrative record prepared in this case. *See W. Watersheds Proj. v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011) ("[W]e may consider evidence outsider the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim."). Plaintiffs do not anticipate the need to seek discovery related to any ESA claims. Plaintiffs reserve the right to address any need for discovery, or motions practice over the scope of review of any ESA claims, upon review of the administrative record.

Defendants' position is that the facts before the Court are those set forth in the administrative record and the Court's role in an APA action under Section 706(2) is to review the record rather than "find" underlying facts. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883 (1990). Accordingly,

Defendants state that judicial review of Plaintiffs' claims under Section 706(2) of the APA is to be based upon the administrative record supporting the decision at issue, and that discovery and resolution of disputed facts is neither appropriate nor necessary in record review cases such as this one.  *E.g.*, *San Luis & Delta Mendota Water Auth. v. U.S. Dep't of the Interior*, 984 F. Supp. 2d 1048, 1060 (E.D. Cal. 2013).  Defendants' further state that the scope and standard of review in this case is defined by the APA, and that the basis for the Court's review will be the administrative record compiled by Defendants, not fact-finding by the Court.  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court.") (citation omitted).  Should Plaintiffs seek discovery, *see supra*, Defendants reserve their right to seek a protective order and/or oppose any motion that Plaintiffs may file regarding the scope of review of their ESA claims.

**7.     Anticipated Motions and Proposed Schedule**

Defendants filed their answer to the Complaint on November 4, 2024.  Dkt. 18.  Defendants require additional time beyond the period allowed in Local Rule 261 for lodging the administrative record.  Defendants' position is that good cause exists for this additional time, including but not limited to, that the agencies must devote time and resources to other pending deadlines, as well as the schedules of the individual employees who are working to prepare the administrative records.  The parties further agree that additional time is needed for briefing the merits of this action beyond the dates provided in Local Rule 261.  Accordingly, the parties agree to the following proposed schedule for this action:

   a.  **Administrative Record and Related Motions**
      i.  **December 19, 2024**: Defendants each provide a draft index to their respective administrative records to Plaintiffs.  The parties have agreed that the draft indices will not be hyperlinked, nor will the referenced documents be Bates numbered, at this time.

ii. **January 15, 2025**: Deadline for Plaintiffs to identify to Defendants, in writing, any issues with the draft indices to the administrative records that may require its completion, supplementation, or other modification.

iii. **January 29, 2025**: Deadline for Defendants to respond, in writing, to Plaintiffs regarding any issues with the draft indices to the administrative record that Plaintiffs have identified.

iv. **February 5, 2025**: Defendants file the agencies' administrative records, lodging them conventionally with the Court and providing them electronically to Plaintiffs' counsel. Defendants request that the Court relieve them of the obligation to lodge a paper copy of Defendants' administrative records as set forth in Local Rule 138(b), and ask that the Court accept courtesy copies of the administrative records on flash drive storage devices or similar medium. The parties agree that, in the interest of saving time and expense in compiling, organizing, serving, and filing or lodging all the documents in the administrative record, Defendants will forgo lodging certain documents in the administrative records, but will designate them on the relevant index as "available upon request." Upon the request of Plaintiffs or the Court, Defendants will Bates stamp and lodge with the Court any requested documents designated as "available upon request" within 10 days of a written request from Plaintiffs or direction from the Court.

v. **February 21, 2025**: Deadline for Plaintiffs' motion to complete or supplement the administrative record, if the parties are unable to resolve such issues during the pre-lodging conferral period set out above. If such a motion is filed, the summary judgment briefing schedule in Paragraph 7(b) below shall automatically be vacated and following resolution of the record motion, the parties will confer and file a new proposed summary judgment briefing schedule.

vi. **March 14, 2025**: Deadline for Defendants' response to motion to complete or supplement the administrative record, if any.

    vii.    **March 21, 2025:** Deadline for Plaintiffs' reply in support of motion to complete or supplement the administrative record, if any.

b. **Summary Judgment Motions**

    a.    **February 21, 2025**: Deadline for Plaintiffs' motion for summary judgment on the administrative record.

    b.    **March 28, 2025**: Deadline for Defendants' combined cross-motion for summary judgment on the administrative record and Defendants' opposition to Plaintiffs' motion for summary judgment.

    c.    **April 25, 2025**: Deadline for Plaintiffs' combined reply to Defendants' opposition to Plaintiffs' motion for summary judgment and Plaintiffs' opposition to Defendants' cross-motion for summary judgment.

    d.    **May 23, 2025**: Deadline for Defendants' reply to Plaintiffs' opposition to Defendants' cross-motion for summary judgment.

Any motion to supplement the administrative record shall not exceed 15 pages, the opposition shall not exceed 15 pages, and the reply shall not exceed 10 pages, excluding the caption, tables of contents and authorities, and signature block. The parties further agree that the Summary Judgment motions and oppositions shall not exceed 30 pages and the reply briefs shall not exceed 20 pages, excluding the caption, tables of contents and authorities, and signature block. The parties also note that, pursuant to Local Rule 261(b), they do not intend to file a statement of undisputed facts or a statement of disputed facts. Plaintiffs request that the Court schedule a hearing on the parties' cross-motions for summary judgment on June 6, 2025. Defendants defer to the Court on whether a hearing is necessary or would be helpful to the Court but otherwise do not oppose scheduling a hearing on the date requested by Plaintiffs.

8. **Issues Related to Trial Procedures**

The Court's Initial Case Management Order directed the parties to provide a proposed date for a final pretrial conference; a proposed date for trial; the propriety of special procedures, such as referral to a special master or an agreement to try this case before the assigned magistrate judge; and proposed modification of standard pretrial procedures. *See* Dkt. 17. The parties agree

that this matter is not suitable for trial, and that the matter will be resolved on cross-motions for summary judgment. *See* Paragraph 7, *supra*. Defendants further state that they do not consent to the jurisdiction of a Magistrate Judge for this action.

## 9. Related Cases

The parties are not aware of any other cases pending in this district, including the bankruptcy court of this district, that are related to this matter.

## 10. Settlement Discussions

The parties have discussed settlement and do not believe that settlement is appropriate at this time, but remain amenable to settlement discussions if appropriate at a later time. The parties will inform this Court if that changes or if this Court's involvement would be useful in facilitating discussions.

## 11. Preference for Appearances at Initial Scheduling Conference

Counsel for the parties would be satisfied to have the Court issue a scheduling order based on review of the joint status report, and have attached a proposed scheduling order that reflects the dates set forth in Paragraph 7 for the Court's consideration.

DATED: November 22, 2024         Respectfully submitted,

                                 CRAG LAW CENTER

                                 /s/ Oliver J. H. Stiefel (with permission)
                                 Oliver J. H. Stiefel (OR Bar # 135436)
                                 (503) 227-2212 | oliver@crag.org
                                 Meriel L. Darzen (OR Bar # 113645)
                                 (503) 525-2725 | meriel@crag.org
                                 CRAG LAW CENTER
                                 3141 E. Burnside St.
                                 Portland, Oregon 97214
                                 Fax: (503) 296-5454


                                 TODD KIM
                                 Assistant Attorney General
                                 U.S. Department of Justice
                                 Environment & Natural Resources Division
                                 S. JAY GOVINDAN, Section Chief

NICOLE M. SMITH, Assistant Chief

/s/     Alison C. Finnegan
ALISON C. FINNEGAN
Senior Trial Attorney (Penn. Bar. No. 88519)
JACOB JOSE
Trial Attorney (CO Bar No. 59582)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500
Fax: (202) 305-0275
Alison.C.Finnegan@usdoj.gov
Jacob.Jose@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH FOREST ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants. | Case No. 2:24-cv-2347-DC-CSK <br><br> [PROPOSED] SCHEDULING ORDER |

Upon consideration of the parties' Joint Status Report, the Court hereby adopts and enters the following schedule for briefing and related matters in this case:

1. **Administrative Record and Related Motions**

    a. **December 19, 2024**: Defendants each provide a draft index to their respective administrative records to Plaintiffs. The parties have agreed that the draft indices will not be hyperlinked, nor will the referenced documents be Bates numbered, at this time.

b. **January 15, 2025**: Deadline for Plaintiffs to identify to Defendants, in writing, any issues with the draft indices to the administrative records that may require its completion, supplementation, or other modification.

c. **January 29, 2025**: Deadline for Defendants to respond, in writing, to Plaintiffs regarding any issues with the draft indices to the administrative record that Plaintiffs have identified.

d. **February 5, 2025**: Defendants file the agencies' administrative records, lodging them conventionally with the Court and providing them electronically to Plaintiffs' counsel. The Court grants Defendants' request to be relieved of the obligation to lodge a paper copy of Defendants' administrative records as set forth in Local Rule 138(b) and will accept courtesy copies of the administrative records on flash drive storage devices or similar medium. The parties agree that, in the interest of saving time and expense in compiling, organizing, serving, and filing or lodging all the documents in the administrative record, Defendants will forgo lodging certain documents in the administrative records, but will designate them on the relevant index as "available upon request." Upon the request of Plaintiffs or the Court, Defendants will Bates stamp and lodge with the Court any requested documents designated as "available upon request" within 10 days of a written request from Plaintiffs or direction from the Court.

e. **February 21, 2025**: Deadline for Plaintiffs' motion to complete or supplement the administrative record, if the parties are unable to resolve such issues during the pre-lodging conferral period set out above. If such a motion is filed, the summary judgment briefing schedule in Paragraph 7(b) below shall automatically be vacated and following resolution of the record motion, the parties will confer and file a new proposed summary judgment briefing schedule.

f. **March 14, 2025**: Deadline for Defendants' response to motion to complete or supplement the administrative record, if any.

    g.  **March 21, 2025:** Deadline for Plaintiffs' reply in support of motion to complete or supplement the administrative record, if any.

2. **Summary Judgment Motions**

    a.  **February 21, 2025**: Deadline for Plaintiffs' motion for summary judgment on the administrative record.

    b.  **March 28, 2025**: Deadline for Defendants' combined cross-motion for summary judgment on the administrative record and Defendants' opposition to Plaintiffs' motion for summary judgment.

    c.  **April 25, 2025**: Deadline for Plaintiffs' combined reply to Defendants' opposition to Plaintiffs' motion for summary judgment and Plaintiffs' opposition to Defendants' cross-motion for summary judgment.

    d.  **May 23, 2025**: Deadline for Defendants' reply to Plaintiffs' opposition to Defendants' cross-motion for summary judgment.

3. **Hearing**

The Court will hear argument on the parties' cross motions for summary judgment on June 6, 2025.

4. **Page Limits**

Any motion to supplement the administrative record shall not exceed 15 pages, the opposition shall not exceed 15 pages, and the reply shall not exceed 10 pages, excluding the caption, tables of contents and authorities, and signature block. The parties further agree that the Summary Judgment motions and oppositions shall not exceed 30 pages and the reply briefs shall not exceed 20 pages, excluding the caption, tables of contents and authorities, and signature block. The parties also note that, pursuant to Local Rule 261(b), they do not intend to file a statement of undisputed facts or a statement of disputed facts.

IT IS SO ORDERED.

Dated:

                                        Dena M. Coggins
                                        United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/  Alison C. Finnegan
Senior Trial Attorney