UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH FOREST ALLIANCE, et al., | No. 2:24-cv-02347-DC-CSK |
| Plaintiffs, | |
| v. | SCHEDULING ORDER |
| U.S. FISH AND WILDLIFE SERVICE, et al., | |
| Defendants. | |

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court has reviewed the parties' joint status report (Doc. No. 19) and has determined that the court need not "consult[] with the parties' attorneys and any unrepresented parties at a scheduling conference," before issuing a scheduling order in this case. Fed. R. Civ. P. 16(b)(1)(B).

I.   SERVICE OF PROCESS

The named defendants have been served as required by Federal Rule of Civil Procedure 5. No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.   JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS

The parties do not anticipate the joinder of additional parties or amendment of the pleadings.

No further joinder of parties or amendments to pleadings is permitted without leave of

1  court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth*
2  *Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992). The parties are advised that the filing of
3  motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to
4  modify the existing schedule. Fed. R. Civ. P. 16 (b)(4); *see also Johnson*, 975 F. 2d at 609.
5  Moreover, any amendment requested under Federal Rule of Civil Procedure 15(a) must not be:
6  (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or
7  (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

8  III.    DISCOVERY PROCEDURES

9        Discovery matters that do not implicate the schedule of the case are referred to the
10 assigned magistrate judge, who will hear all discovery disputes subject to his or her procedures.
11 (The assigned magistrate judge's initials follow the district judge's initials next to the case
12 number.) All discovery related filings must include the words "DISCOVERY MATTER" in the
13 caption to ensure proper routing. Do not direct delivery of courtesy copies of these documents to
14 the district judge. Counsel are directed to contact the magistrate judge's courtroom deputy clerk
15 to schedule discovery matters for hearing.

16       All motions to compel discovery must be noticed on the assigned magistrate judge's
17 calendar in accordance with the local rules of this court and the magistrate judge's own
18 procedures. The written ruling of the assigned magistrate judge shall be final, subject to
19 modification by the district court only where it has been shown that the magistrate judge's order
20 is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Pursuant to Local Rule 303,
21 any party may file and serve a "Request for Reconsideration by the District Court of Magistrate
22 Judge's Ruling." *See* L.R. 303(c). The requesting party must file and serve any such request
23 within fourteen (14) days of service of a written ruling. L.R. 303(b). The request must specify
24 which portions of the ruling are clearly erroneous or contrary to law and the basis for that
25 contention with supporting points and authorities. L.R. 303(c).

26       In addition, the assigned magistrate judge reviews proposed discovery phase protective
27 orders sought by the parties pursuant to Local Rule 141.1. However, any requests to seal or redact
28 in connection with trial or motions to be resolved by Judge Coggins must be directed to Judge

Coggins and comply with her Standing Order and Local Rules 140 and 141.

IV.     ADMINISTRATIVE RECORD

In this action, Plaintiffs bring claims arising under the Administrative Procedures Act ("APA") and the "Endangered Species Act ("ESA") against Defendants regarding a biological opinion issued for the South Fork Sacramento Public Safety and Forest Recreation Project ("SFS Project") and whether Defendant U.S. Fish and Wildlife Service violated its duty to insure the SFS Project is "not likely to jeopardize the continued existence of the Northern spotted owl." (Doc. No. 19 at 2.) The parties agree that because Plaintiffs are seeking judicial review of agency decisions, the case proceeds through review of the administrative record and through briefing on summary judgment motions.[1] (*Id.*)

Defendants lodged the administrative record on February 4, 2025. (Doc. No. 20.)

The parties have proposed a briefing scheduling on any motion to complete or supplement the administrative record, which the court adopts as follows: Any motion by Plaintiffs to complete or supplement the administrative record shall be filed by no later than **February 21, 2025**. If such a motion is filed, Defendants shall file their response thereto by no later than **March 14, 2025**, and Plaintiffs shall file their reply by no later than **March 21, 2025**.

The parties further agree limit the page length of such briefs, which the court adopts as follows: Any motion to supplement the administrative record shall not exceed 15 pages, the opposition brief shall not exceed 15 pages, and the reply brief shall not exceed 10 pages.

V.      MOTIONS

The parties proposed a briefing schedule for their anticipated cross-motions for summary judgment, as well as agreed-upon page limitations for their briefing. However, the parties intend for their proposed briefing deadlines to be automatically vacated in the event a motion to complete or supplement the administrative record is filed. Rather than setting dates that are likely to be vacated, the court instead sets the following briefing schedule for the parties' anticipated

---

[1] The parties do not anticipate the need to seek discovery. Accordingly, the court will not set discovery deadlines. However, if the need for discovery does arise and a party wishes to seek discovery, or a party wishes to seek a protective order from discovery, the parties shall comply with the discovery procedures set forth above.

3

cross-motions for summary judgment:

Plaintiffs' motion for summary judgment shall be filed by no later than **May 23, 2025**.

Defendants' combined cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment shall be filed by no later than **June 27, 2025**.

Plaintiffs' combined reply to Defendants' opposition to their motion for summary judgment and opposition to Defendants' motion for summary judgment shall be filed by no later than **July 25, 2025**.

Defendants' reply to Plaintiff's opposition to their motion for summary judgment shall be filed by **August 22, 2025**.

The parties shall notice their respective summary judgment motions for a hearing on **September 19, 2025**.

The court adopts the parties proposed page limitations as follows: all briefs except for Defendants' reply brief shall not exceed 30 pages in length, and Defendants' reply brief shall not exceed 20 pages in length.

VI.    SETTLEMENT CONFERENCE

A settlement conference has not been set at this time. At any time, the parties may file a joint request that this action be referred to a settlement judge for the setting of a settlement conference.

Absent permission from the court, in addition to lead counsel, <u>the individual parties shall also be present</u>, and in the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with <u>unrestricted authority</u> to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer <u>shall also be present</u>. If for any reason the representative with unlimited authority cannot attend, such a person must be available by phone or video throughout the conference. In other words, having settlement authority "up to a certain amount" is not acceptable.

VII.    FINAL PRETRIAL CONFERENCE

Not applicable.

VIII.    REQUEST FOR BIFURCATION, APPOINTMENT OF SPECIAL MASTER, OR

4

OTHER TECHNIQUES TO SHORTEN TRIAL

Not applicable.

IX. RELATED MATTERS PENDING

There is no related litigation.

X. OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER

**This case schedule will become final without further order of the court unless objections are filed within fourteen (14) days of the entry of this order.** The schedule, once final, shall not be modified except by leave of court upon showing of good cause.

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them. Agreement of the parties by stipulation alone does not constitute good cause. Any request or stipulation to modify this scheduling order must set forth:

(1) the existing due date or hearing date;

(2) whether there have been prior requests for extensions, and whether these were granted or denied by the court; and

(3) specific, concrete reasons supporting good cause for granting of the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, i.e., have written proposals been exchanged; is counsel in the process of reviewing a draft settlement agreement; has a mediator been selected.

IT IS SO ORDERED.

Dated:   **February 7, 2025**

Dena Coggins
United States District Judge