Oliver J. H. Stiefel (OR Bar No. 135436)
(503) 227-2212 | oliver@crag.org
Meriel L. Darzen (OR Bar No. 113645)
(503) 525-2725 | meriel@crag.org
Kelsey Y. Dunn (OR Bar No. 244709)
(503) 234-0788 | kelsey@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, OR 97214
LEAD COUNSEL
*Pro Hac Vice*

Thomas E. Wheeler (CA Bar No. 304191)
(707) 446-9027 | tom@wildcalifornia.org
ENVIRONMENTAL PROTECTION INFORMATION CENTER
145 G. Street, Suite A
Arcata, CA 95521
LOCAL COUNSEL

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KLAMATH FOREST ALLIANCE**, a California non-profit corporation, **CONSERVATION CONGRESS**, a California non-profit corporation, **ENVIRONMENTAL PROTECTION INFORMATION CENTER**, a California non-profit corporation, and **MOUNT SHASTA BIOREGIONAL ECOLOGY CENTER**, a California non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES FISH AND WILDLIFE SERVICE**, and **UNITED STATES FOREST SERVICE**<br><br>Defendants. | No. 2:24-cv-02347-DC-CSK<br><br>**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND NOTICE OF MOTION**<br><br>Hearing Date: September 19, 2025<br>Hearing Time: 1:30 p.m.<br>Courtroom 8, 13th Floor<br>Before the Honorable Dena Coggins |

Pursuant to Federal Rule of Civil Procedure 65, Local Rule 231, and this Court's order of August 14, 2025, ECF No. 40, Plaintiffs Klamath Forest Alliance, Conservation Congress, Environmental Protection Information Center, and Mount Shasta Bioregional Ecology Center ("Plaintiffs") hereby submit their *Motion for Preliminary Injunction*. Pursuant to Local Rule 231(d)(2), this Motion is accompanied by Plaintiffs' *Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction*; the Declarations of Tonja Chi, Debbie Derby, Lorry Plambeck, Susan Thomas; the Second Declarations of Kimberly Baker, Denise Boggs, and Nick Joslin; and a proposed order.

Plaintiffs give notice that this Court may hold argument on this motion on September 19, 2025 at 1:30 p.m., at the Sacramento Courthouse, Courtroom 8, 13th Floor, 501 I Street, Room 4-200, Sacramento, CA 95814, before the Honorable United States District Judge Dena Coggins. Pursuant to Local Rule 231(d)(3), Plaintiffs state that they do not plan to call any witnesses, and that they expect the hearing will require approximately one (1) hour.

Pursuant to Federal Rule of Procedure 65(a)(1), the undersigned has conferred with counsel for Defendants on this Motion. The Parties agreed upon a briefing schedule, intended to facilitate resolution prior to September 22, 2025. ECF No. 39 (Joint Status Report and Proposed Scheduling Order). This Court adopted the briefing schedule on August 13, 2025. ECF No. 40.

In this case, Plaintiffs challenge the final administrative actions of the U.S. Fish and Wildlife Service ("Service") and U.S. Forest Service ("Forest Service") (collectively, the "federal agencies"), with respect to the South Fork Sacramento Public Safety and Forest Restoration Project ("SFS Project" or "Project") on the Shasta-Trinity National Forest in Northern California. Specifically, Plaintiffs challenge the Biological Opinion ("BiOp") issued by the Service—and the Forest Service's reliance thereon—which concludes that the SFS Project is "not likely to jeopardize the continued existence" of the northern spotted owl ("NSO" or "owl"). *See* 16 U.S.C. 1536(a)(2). In issuing and relying on the BiOp, the federal agencies violated their procedural and substantive duties under Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2); and acted arbitrarily, capriciously, and otherwise not in accordance with law, and without observance of procedure required by law under the Administrative Procedure Act

MOTION FOR SJ - 1

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. 503-227-2212*

("APA"), 5 U.S.C. § 706(2)(A), (D).

The Parties submitted cross-motions for summary judgment and completed summary judgment briefing on May 23, 2025. *See* ECF No. 39. This Court vacated the summary judgment hearing set for June 27, 2024, and took the matter under submission as of May 23, 2025. *See id.*

In the course of ongoing conferral with Defendants since the completion of summary judgment briefing, Plaintiffs were made aware of upcoming implementation of the Project. Under prior agreement, Defendants had agreed to provide Plaintiffs at least 30 days' notice before commencement of any ground-disturbing activities under the already awarded Rainbow Thin timber sale contract, or any contract implementing the Project. *See id.* ¶ 4. On August 8, 2025, counsel for Defendants informed counsel for Plaintiffs that the purchaser of the Rainbow Thin contract is tentatively planning to begin operations in or after mid-September, and may start work at any point after September 15, 2025. *Id.* ¶ 8–9. On August 11, 2025, counsel for Defendants followed up to advise that operations on the Rainbow Thin contract will not start prior to September 22, 2025. Further, Defendants advised that the Longbow Thin contract could be awarded in late September, but that there is uncertainty regarding the timing of implementation following the contract award. *Id.* ¶ 8.

On account of imminent ground and vegetation disturbing activities, Plaintiffs now move this Court for preliminary relief prior to a final ruling on the merits. As discussed in detail in the concurrently filed Memorandum, the Rainbow Thin contract overlaps portions of the "current Scott" owl territory, which has been continuously occupied by owls for over 30 years and consistently facilitates owl reproduction. Invaluable nesting, roosting, and foraging habitat in and around the current Scott territory—habitat which has supported these owls for decades—is literally on the chopping block. The Longbow Thin contract likewise overlaps the current Scott territory and targets nesting, roosting, and foraging habitat. If logging under either or both the Rainbow Thin or Longbow Thin contracts move forward, the owls—and Plaintiffs themselves—will be irreparably harmed. Moreover, if logging moves forward but this Court later rules in favor of Plaintiffs on the merits and holds unlawful and sets aside the BiOp, the federal agencies will be foreclosed from complying with their ESA Section 7 obligations in any future consultation. *See*

1  16 U.S.C. § 1536(d).

2  Plaintiffs therefore respectfully request tailored relief that preserves the status quo prior to resolution of the case's merits. Pursuant to ESA Section 7(d), a federal agency "shall not make any irreversible or irretrievable commitment of resources with respect to the agency action which has the effect of foreclosing the formulation of any reasonable and prudent alternative measures which would not violate [ESA Section 7(a)(2)]." 16 U.S.C. § 1536(d). In line with ESA Section 7(d), Plaintiffs respectfully request this Court:

(a)  Enjoin any ground or vegetation disturbing operations—including roadwork, tree felling, and site preparation—within northern spotted owl nesting, roosting, or foraging habitat in the action area, as mapped in the BiOp; and

(b)  Grant Plaintiffs further relief as this Court deems just and proper.

DATED this 20th day of August, 2025

Respectfully submitted,

/s/ Oliver J. H. Stiefel
Oliver J. H. Stiefel (OR Bar # 135436)
(503) 227-2212 | oliver@crag.org
Meriel L. Darzen (OR Bar # 113645)
(503) 525-2725 | meriel@crag.org
Kelsey Y. Dunn (OR Bar No. 244709)
(503) 234-0788 | kelsey@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454
LEAD COUNSEL
*Pro Hac Vice*

/s/ Thomas E. Wheeler
Thomas E. Wheeler (CA Bar No. 304191)
(707) 446-9027 | tom@wildcalifornia.org
ENVIRONMENTAL PROTECTION INFORMATION CENTER
145 G. Street, Suite A
Arcata, CA 95521
LOCAL COUNSEL

MOTION FOR PI - 3

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. 503-227-2212*